Constance AYERS, Plaintiff—
Appellant,

v.

STANDARD INSURANCE COMPANY,
Defendant—Appellee.

No. 01–16704.

D.C. No. CV–00–20407–RMW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 2002.

Decided Nov. 14, 2002.

Before B. FLETCHER, R. ARNOLD,[*] and RAWLINSON, Circuit Judges.

## MEMORANDUM [**]

Constance Ayers brought this case against Standard Insurance Company for breach of contract, insurance bad faith, and intentional infliction of emotional distress. Ms. Ayers claims that she is totally disabled, and that the defendant insurance company, in denying her claim, was guilty of bad faith and intentional infliction of emotional distress. Standard filed a motion for summary judgment on the bad-faith and intentional-infliction-of-emotional-distress claims, and the District Court granted this motion. After that, the underlying claim for disability benefits was settled. The judgment in favor of defendant on the two tort claims having thus become final, this appeal by the plaintiff followed.

The mere fact that an insurance company wrongfully denies a claim does not amount to bad faith. In order to establish a claim for bad faith, a plaintiff insured "must show: (1) benefits due under the policy were withheld; and (2) the reason for withholding benefits was unreasonable or without proper cause." *Guebara v. Allstate Ins. Co.*, 237 F.3d 987, 992 (9th Cir. 2001). A plaintiff may prevail by showing that the insurance company failed to undertake a meaningful investigation of her claim, or by showing that the decision of the insurer was itself unreasonable. An insurance company is not liable, however, if there was a legitimate dispute over whether the insured was entitled to bene-

fits. "The mistaken withholding of policy benefits, if reasonable or if based on a legitimate dispute as to the insurer's liability under California law, does not expose the insurer to bad faith liability." *Tomaselli v. Transamerica Ins. Co.*, 25 Cal. App.4th 1269, 1280–81, 31 Cal.Rptr.2d 433, 440 (1994). Further, "[u]nder California law, a bad faith claim can be dismissed on summary judgment if the defendant can show that there was a genuine dispute as to coverage." *Guebara*, 237 F.3d at 992.

In our view, this record leaves no doubt that Standard had a reasonable basis for denying the claim, even if the decision to deny benefits might ultimately have been held to be incorrect if the disability claim had been litigated to judgment. Standard initially denied benefits on October 23, 1998. It did so after considering evidence supplied by Ms. Ayers, including a report from Dr. Maia Chakerian, a treating physician, that was supportive of Ms. Ayers's claim of total and complete disability. In reaching its decision to deny the claim, Standard considered the opinion of its own medical consultant, the views of a vocational specialist, and a videotape of Ms. Ayers's personal activities that was arguably inconsistent with her claim of disability. In addition, Standard attempted to obtain an independent medical examination of the claimant, but Ms. Ayers refused to attend the examination, pleading that it would require her to undertake a 70-mile journey by automobile that was not reasonable for a person in her condition. Dr. Chakerian, however, said that Ms. Ayers could reasonably be expected to make such a trip, and the videotape showed the claimant riding in the back

[*] The Honorable Richard S. Arnold, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

seat of a car (lying down) for about 160 miles. We believe these facts show, without genuine dispute, that Standard made a thorough investigation.

When Standard communicated its unfavorable decision to the claimant, it also suggested that she could request a review. She did so, and again presented the opinion of Dr. Chakerian, as well as the opinion of another treating physician who went so far as to say that it was "ludicrous" to think that Ms. Ayers was not totally disabled. Standard considered these opinions and obtained additional opinions from two other physicians, both of them highly credentialed specialists in the relevant field. One of these physicians performed a physical examination on the claimant, who this time agreed to submit herself for the purpose, and rendered an opinion that supported the company's original decision to deny benefits. Finally, after all of this, Standard again submitted the case file to a vocational specialist, who confirmed her earlier view.

In these circumstances, we agree with the District Court that the record, when considered in the light most favorable to the plaintiff, does not make out a genuine issue of material fact as to insurance bad faith. Standard had reasonable grounds for what it did. For much the same reasons, the intentional-infliction-of-emotional-distress claim was also properly dismissed. An element of such a claim is that the conduct of the defendant must have been outrageous, defined as "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Schlauch v. Hartford Accident & Indem. Co.*, 146 Cal.App.3d 926, 936, 194 Cal.Rptr. 658, 665 (1983). This standard is at least as difficult to meet as that for insurance bad faith, if not more so. An insurer that denies a claim on reasonable grounds cannot be said to have acted outrageously in this sense.

AFFIRMED.